# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

DAVIS-LYNCH, INC.,

        Plaintiff,

   v.

HILCORP ENERGY COMPANY;
McRAE ENERGY CORP.;
McRAE EXPLORATION & PRODUCTION,
    INC.;
MERIT ENERGY COMPANY, LLC;
MILLENNIUM OFFSHORE GROUP, INC.;
NATIONAL ENERGY GROUP, INC.;
NEUMIN PRODUCTION COMPANY;
REEF EXPLORATION, L.P.;
RIDGELAKE ENERGY, INC.;
TUCKER ENERGY SERVICES USA, INC.;
WEATHERFORD U.S., L.P.;
WUS HOLDING, LLC;
WEATHERFORD INTERNATIONAL, INC.,
      Defendants.

CIVIL ACTION NO. 6:09-CV-168-LED

JURY TRIAL REQUESTED

**WEATHERFORD'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

## TABLE OF CONTENTS

I.   Summary Of The Argument ..................................................................................1

II.  Issues To Be Decided............................................................................................2

III. Factual Background ...............................................................................................2

    A.   Davis-Lynch's U.S. Patent No. 6,679,336......................................................2

    B.   Nature And Stage Of The Proceedings ...........................................................3

        1.   Davis-Lynch's 2004 Lawsuit ...............................................................3

        2.   Davis-Lynch's 2007 Lawsuit ...............................................................4

            a.   The Parties' Pleadings In The 2007 Action Were Broadly Directed To Weatherford's "Auto-Fill Float Collar" Products ...................................4

            b.   Davis-Lynch Limited Its Patent Infringement Contentions To A Subset Of Weatherford's Auto-Fill Float Collar Products .........................5

            c.   Judge Love Denied Davis-Lynch's Attempt To Expand Its Infringement Contentions In The Pending 2007 Action To Include Additional Weatherford Models ................................................................6

        3.   Davis-Lynch's Present Lawsuit .............................................................8

            a.   Davis-Lynch's Present Complaint Makes The Same Infringement Claims Against Weatherford As In Its 2007 Suit .......................................8

            b.   In Seeking To Add Weatherford's Customers To The Dispute, Davis-Lynch Violated The Terms Of The Protective Order In The Pending 2007 Action................................................................................9

IV.  ARGUMENT AND AUTHORITIES................................................................10

    A.   Davis-Lynch's Duplicative Suit Violates The Rule Against Claim Splitting..............10

        1.   Davis-Lynch Was Required To Bring All Its Infringement Claims In A Single Suit...........................................................................................10

        2.   The Fact That Davis-Lynch Added Weatherford Customers And Related Weatherford Companies Does Not Preclude Application Of The Rule Against Claim Splitting....................................................................13

    B.   Davis-Lynch's Suit Is An Impermissible Collateral Attack On Judge Love's Order In The Pending 2007 Action.............................................................16

i

     C.     Davis-Lynch's Duplicative Suit Violates The First-to-File Rule ................................17

     D.     This Suit Is Barred Under Fed. R. Civ. P. 13(a) Because It Asserts Claims
           That Were Compulsory Counterclaims In The Pending 2007 Action ........................19

V.   Conclusion ..........................................................................................................................21

# TABLE OF AUTHORITIES

*American Video Graphics, L.P. v. Electronic Arts, Inc.*,
    359 F.Supp.2d 558 (E.D. Tex. 2005) ................................................................................. 6, 11

*Ameritox, Ltd. v. Aegis Sciences Corp.*,
    2009 WL 305874 (N.D. Tex. Feb. 9, 2009).......................................................................... 12

*Cadle Co. v. Whataburger of Alice, Inc.*,
    174 F.3d 599 (5th Cir. 1999) ................................................................................................ 17

*Civix-DDI, LLC v. Expedia, Inc.*,
    2005 WL 1126906 (N.D. Ill. May 2, 2005) .............................................................. 12, 19, 20

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976)...................................................................................................... 17, 19

*Computer Acceleration Corp. v. Microsoft Corp.*,
    503 F.Supp.2d 819 (E.D. Tex. 2007)..................................................................................... 7

*Cordis Corp. v. Boston Scientific Corp.*,
    561 F.3d 1319 (Fed. Cir. 2009)............................................................................................ 14

*Glitsch, Inc. v. Koch Engineering Co.*,
    216 F.3d 1382 (Fed. Cir. 2003)........................................................................................ 1, 16

*Hartsel Springs Ranch of Colo., Inc. v. Bluegreen*,
    296 F.3d 982 (10th Cir. 2002) ............................................................................................ 13

*Imation Corp. v. Sterling Diagnostic Imaging, Inc.*,
    1998 WL 574164 (D. Minn. 1998) ...................................................................................... 18

*Kessler v. Eldred*,
    206 U.S. 285 (1907)............................................................................................................ 16

*Kim v. Sara Lee Bakery Group, Inc.*,
    412 F.Supp.2d 929 (N.D. Ill., 2006) ...................................................................... 12, 13, 19, 20

*Litecubes, Inc., v. Northern Light Prods., Inc.*,
    523 F.3d 1353 (Fed. Cir. 2008)............................................................................................ 14

*Mann Mfg. Inc. v. Hortex, Inc.*,
    439 F.2d 403 (5th Cir. 1971) ............................................................................................... 17

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
    58 F.3d 616 (Fed. Cir. 1995)..................................................................................... 11, 14, 15

*MGA, Inc. v. General Motors Corp.*,
    827 F.2d 729 (Fed. Cir. 1987)...................................................................................... 15

*Orion IP, LLC v. Home Depot USA, Inc.*,
    No. 2:05-CV-306 (E.D. Tex. October 7, 2005) ............................................................. passim

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
    678 F.2d 93 (9th Cir. 1982) ......................................................................................... 17

*Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.*,
    347 F.3d 935 (Fed. Cir. 2003)................................................................................. 19, 20

*Russell v. SunAmerica Securities, Inc.*,
    962 F.2d 1169 (5th Cir. 1992) ...................................................................................... 15

*Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*,
    452 F.Supp.2d 621 (D. Md. 2006) ........................................................................ 12, 13, 14

*Serlin v. Arthur Andersen & Co.*,
    3 F.3d 221 (7th Cir. 1993) ........................................................................................... 19

*Single Chip Sys. Corp. v. Intermec IP Corp.*,
    495 F.Supp.2d 1052 (S.D. Cal. 2007)........................................................................... 12

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985)..................................................................................... 10

*STMicroelectronics, Inc. v. Motorola, Inc.*,
    308 F.Supp.2d 754 (E.D. Tex. 2004) .............................................................................. 6

*Super Van Inc. v. City of San Antonio*,
    92 F.3d 366 (5th Cir. 1996) .......................................................................................... 11

*Texas Instruments Inc. v. Micron Semiconductor, Inc.*,
    815 F. Supp. 994 (E.D. Tex. 1993)................................................................................ 18

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*,
    751 F.2d 721 (5th Cir.1985) ......................................................................................... 17

## <u>TABLE OF EXHIBITS</u>

A.      Order Denying Motion to Include Additional Products, Civ. A. 6:07-CV-559, DE 83
        (Jan. 12, 2009)

B.      Order Denying Motion for Reconsideration, Civ. A. 6:07-CV-559, DE 108 (Feb. 20,
        2009)

C.      Order in *Orion IP, LLC v. Home Depot USA, Inc.*, No, 2:05-CV-306 (E.D. Tex. Oct. 7,
        2005)

D.      Davis-Lynch's Amended Disclosure of Asserted Claims and Infringement Contentions
        Pursuant to P.R. 3-1 (Aug. 10, 2004)

E.      Davis-Lynch's Second Amended Disclosure of Asserted Claims and Infringement
        Contentions Pursuant to P.R. 3-1 (Sept. 21, 2004)

F.      Letter from VanHoutan to Lawson (Oct. 12, 2004)

G.      Complaint, Civ. A. 6:07-CV-559, DE 1 (Dec. 18, 2007)

H.      Original Answer, Civ. A. 6:07-CV-559, DE 3 (Jan. 9, 2008)

I.      Answer to Counterclaims, Civ. A. 6:-07-CV-559, DE 16 (Jan. 29, 2008)

J.      Davis-Lynch's Disclosure of Asserted Claims and Infringement Contentions Pursuant to
        P.R. 3-1 (Feb. 15, 2008)

K.      Letter from Martinez to Boyd (Apr. 29, 2008)

L.      Weatherford's Document Production Accompanying Invalidity Contentions (May 7,
        2008)

M.      Davis-Lynch's Proposed Supplemental PICs, filed Dec. 11, 2008

N.      Protective Order, Civ. A 6:07-CV-559, DE 40 (April 4, 2008)

## I.    SUMMARY OF THE ARGUMENT

Defendants Weatherford U.S., L.P., WUS Holding, LLC, and Weatherford International, Inc. (collectively, "Weatherford"), on behalf of themselves and their co-defendants (who are all Weatherford customers), move to dismiss this action (the "Current Action") in view of the identical infringement claims currently pending against Weatherford International, Inc. in a separate lawsuit filed in December 2007, *Davis-Lynch, Inc. v. Weatherford International, Inc.*, No. 6:07-CV-559-JDL (E.D. Tex.) (the "Pending 2007 Action").

The Court in the Pending 2007 Action denied as untimely Davis-Lynch, Inc.'s ("Davis-Lynch") request to supplement its patent infringement allegations in that case to include new infringement contentions against additional Weatherford products.   Ex. A, (Order Denying Motion to Include Additional Products, Civ. A. 6:07-CV-559, DE 83 (Jan. 12, 2009)); Ex. B (Order Denying Motion for Reconsideration, Civ. A. 6:07-CV-559, DE 108 (Feb. 20, 2009)). Only weeks later, Davis-Lynch filed this Current Action, including in its complaint the same infringement allegations that had been the subject of Judge Love's order.  Just as this Court ruled in *Orion IP, LLC v. Home Depot USA, Inc.*, No. 2:05-CV-306 (E.D. Tex. October 7, 2005) (Ex. C), this second duplicative suit should be dismissed, either under the rule against claim splitting, or as an impermissible collateral attack on Judge Love's ruling in the Pending 2007 Action. "When a court enters an order that a party does not like, the party's recourse is to seek relief on appeal; it is not appropriate for the party to contest the court's order by filing a new action." *Glitsch, Inc. v. Koch Engineering Co.*, 216 F.3d 1382, 1384 (Fed. Cir. 2003).  Likewise, this Current Action should be dismissed in favor of the Pending 2007 Action under the first-to-file rule.  Moreover, the claims Davis-Lynch asserts in this suit were compulsory counterclaims to the declaratory judgment claim Weatherford sought in the Pending 2007 Action.  By not raising

its claims in the Pending 2007 Action, Davis-Lynch has waived them.  Davis-Lynch should not

be permitted to circumvent the Court's rulings in the Pending 2007 Action by means of this suit.

## II.      ISSUES TO BE DECIDED

Weatherford's motion to dismiss presents the following issues:

1.      Whether Davis-Lynch's complaint should be dismissed under the rule against claim splitting because the claims asserted in this action are the same as the claims Davis-Lynch has already pled in the Pending 2007 Action, *Davis-Lynch, Inc. v. Weatherford International, Inc.*, No. 6:07-CV-559-JDL (E.D. Tex.).

2.      Whether this Current Action is an impermissible collateral attack on Judge Love's Order in the Pending 2007 Action denying Davis-Lynch's request to supplement its patent infringement contentions to add the infringement allegations asserted here.

3.      Whether Davis-Lynch's complaint should be dismissed under the first-to-file rule in favor of the substantially overlapping Pending 2007 Action.

4.      Whether the claims asserted by Davis-Lynch in this suit should be dismissed because they are compulsory counterclaims to the declaratory judgment claim Weatherford has pled in the Pending 2007 Action.

## III.      FACTUAL BACKGROUND

### A.      Davis-Lynch's U.S. Patent No. 6,679,336

The present action is the third suit Davis-Lynch has brought against Weatherford for

infringement of its U.S. Patent No. 6,679,336 ("the '336 patent).  The '336 patent relates

generally to oil well tools that are used for running a tubular string, such as a casing, into a

wellbore.  The tools are open at the lower end to permit automatic fluid inflow and filling the

inside of the casing string with drilling fluid for "surge reduction" (much the same way as a

drinking straw fills with liquid through its bottom end as it is lowered into a drinking glass).  The

'336 patent claims have many other limitations, but a detailed understanding of the technology is

not needed for the present motion.

B.      **Nature And Stage Of The Proceedings**

1.      **Davis-Lynch's 2004 Lawsuit**

Davis-Lynch first sued Weatherford for infringement of its '336 patent in February 2004. *See* Complaint, Civ. A. 6:04-CV-54, Docket Entry 1 ("DE 1").  The complaint broadly alleged that Weatherford had infringed the '336 patent "by making, using, selling or offering to sell products under the trade designation 'Auto-Fill Float Collar.'"  *Id.* at ¶ 7.  After Davis-Lynch amended its complaint, Weatherford filed a counterclaim seeking a declaratory judgment "that Weatherford's 'Auto-Fill Float Collars,' other products and methods involving same, do not infringe, contribute to infringement and/or induce infringement of any valid claims of the . . . '336 patent."  *See* Second Amended Answer, Civ. A. 6:04-CV-54, DE 102 at Counterclaim ¶ 12.

During the 2004 litigation, Davis-Lynch served its Preliminary Infringement Contentions pursuant to this Court's P.R. Rule 3-1.  Davis-Lynch's infringement contentions identified only three Weatherford's auto-fill float collar products – model numbers L42A, L45AP, and L46AP – as allegedly infringing the '336 patent.  *See* Ex. D (Davis-Lynch's Amended Disclosure of Asserted Claims and Infringement Contentions Pursuant to P.R. 3-1 (Aug. 10, 2004)); Ex. E (Davis-Lynch's Second Amended Disclosure of Asserted Claims and Infringement Contentions Pursuant to P.R. 3-1 (Sept. 21, 2004)).

In October 2004, Weatherford sent Davis-Lynch a letter highlighting the fact that Davis-Lynch had identified only three products in its infringement contentions and putting Davis-Lynch on notice that there were "additional Weatherford model numbers that may be relevant to this litigation."  Ex. F (Letter from VanHoutan to Lawson (Oct. 12, 2004)).  In fact, in October 2004, Weatherford produced detailed technical drawings for over thirty "additional Weatherford model numbers that may be relevant."  *Id.*  Nevertheless, Davis-Lynch never supplemented its infringement contentions in the 2004 suit.

On December 21, 2004, Davis-Lynch filed a request for reexamination of the '336 patent with the U.S. Patent and Trademark Office in light of the substantial prior art Weatherford had identified during the 2004 litigation and the Court's finding that "[a]t this preliminary stage, each piece of prior art at least appears to read on the asserted claims."  *See* Order, Civ. A. 6:04-CV-54, DE 51.  Subsequently, the Court entered an order dismissing the 2004 litigation on February 17, 2005.  *See* Order, Civ. A. 6:04-CV-54, DE 129.

    **2.**      **Davis-Lynch's 2007 Lawsuit**

        **a.**    **The Parties' Pleadings In The 2007 Action Were Broadly Directed To Weatherford's "Auto-Fill Float Collar" Products**

Following the reexamination proceedings, Davis-Lynch filed a second suit against Weatherford on December 18, 2007, for infringement of the '336 patent.  *See* Ex. G, Complaint, Civ. A. 6:07-CV-559, DE 1 (Dec. 28, 2007).  As with the 2004 complaint, Davis-Lynch broadly alleged that Weatherford infringed the '336 patent "by making using, offering for sale, and/or selling, without limitation, products marketed and sold under the trade designation 'Auto-Fill Float Collar.'"  *Id.* at ¶ 11.

Weatherford answered the complaint and included a counterclaim for a declaratory judgment "that Weatherford's 'Auto-Fill Float Collars,' other products and methods involving same, do not infringe, contribute to infringement, and/or induce infringement of any valid claim of the '336 patent."  *See* Ex. H, Original Answer, Civ. A. 6:07-CV-559, DE 3 at Counterclaim ¶ 10 (Jan. 9, 2008).  In reply, Davis-Lynch took the position that Weatherford's broad counterclaim simply mirrored the allegations that Davis-Lynch had already included in its complaint.  Thus, Davis-Lynch "den[ied] that these declaratory judgment counterclaims are

proper since they involve the same rights and issue[s] raised in Davis-Lynch's Complaint." *See* Ex. I, Answer to Counterclaims, Civ. A. 6:07-CV-559, DE 16 at ¶ 10 (Jan. 29, 2008).[1]

### b.    Davis-Lynch Limited Its Patent Infringement Contentions To A Subset Of Weatherford's Auto-Fill Float Collar Products

Despite the parties' broad pleadings, Davis-Lynch's Patent Infringement Contentions pursuant to P.R. 3-1 ("PICs") essentially copied its contentions from the 2004 suit and identified only the same three Weatherford models as allegedly infringing – L42A, L45AP, and L46AP. *See* Ex. J, Davis-Lynch's Disclosure of Asserted Claims and Infringement Contentions Pursuant to P.R. 3-1 (Feb. 15, 2008).

In contrast, Weatherford produced technical drawings covering over fifty Weatherford model numbers – the drawings for the same models produced in the 2004 suit, and additional drawings for fifteen new models.  *See* Ex. K (Letter from Martinez to Boyd (Apr. 29, 2008) (producing technical drawings labeled WDE 0021990-22040 for over fifty Weatherford models)).  Furthermore, Weatherford identified those documents pursuant to P.R. 3-4, which required Weatherford to produce "documentation sufficient to show the operation of any aspects or elements of an Accused Instrumentality."  *See* Ex. L (Weatherford's Document Production Accompanying Invalidity Contentions (May 7, 2008)).   Weatherford also produced a confidential[2] sales summary on April 29, 2008, identifying the sales of its entire auto-fill float collar product line, plus the underlying invoices.

Nevertheless, Davis-Lynch delayed for over seven months before seeking to supplement its PICs to specifically identify any other models.

---

[1] The parties subsequently filed amended counterclaims and an amended reply to the counterclaims.  In those amended pleadings, the parties made the same allegations about the breadth of the counterclaim for declaratory judgment of noninfringement.  *See* Amended Answer, Civ. A. 6:07-CV-559, DE 43 at Counterclaim ¶ 10; Amended Answer to Counterclaims, Civ. A. 6:-07-CV-559, DE 47 at ¶ 10.

[2] The Sales Summary was produced as "Attorney's Eyes Only" under the Protective Order entered by Judge Love in the Pending 2007 Action.

    c.    **Judge Love Denied Davis-Lynch's Attempt To Expand Its Infringement Contentions In The Pending 2007 Action To Include Additional Weatherford Models**

On December 11, 2008, over seven months after Davis-Lynch served its original PICs that limited its infringement contentions to three Weatherford models, Davis-Lynch moved to supplement its contentions to identify the fifty-two additional models for which Weatherford had produced its technical drawings pursuant to P.R. 3-4.  *See* Davis-Lynch's Motion for Leave to Supplement, Civ. A. 6:07-CV-559, DE 69 (Dec. 11, 2008) and Ex. M, Davis-Lynch's Proposed Supplemental PICs at 2 (submitted Dec. 11, 2008).  Weatherford opposed the motion, and on January 12, 2009, Judge Love denied Davis-Lynch's motion.

Judge Love first acknowledged that this District's Patent Rules "demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun."  Ex. A (Order Denying Motion to Include Additional Products, Civ. A. 6:07-CV-559, DE 83 at 3 (Jan. 12, 2009), quoting *American Video Graphics, L.P. v. Electronic Arts, Inc.*, 359 F.Supp.2d 558, 560 (E.D. Tex. 2005)).  Likewise, Judge Love recognized that P.R. 3-1 requires PICs that set forth "particular theories of infringement with sufficient specificity to provide defendants with notice of infringement beyond that which is provided by the mere language of the patent [claims] themselves."  *Id.* at 4, quoting *STMicroelectronics, Inc. v. Motorola, Inc.*, 308 F.Supp.2d 754, 755 (E.D. Tex. 2004).

As to Davis-Lynch's request to supplement, Judge Love found that "Davis-Lynch has failed to demonstrate good cause to amend its PICs to include the additional products."  *Id.* at 5. As Judge Love reasoned,

> Weatherford produced the technical drawings pursuant to Local Patent Rule 3-4(a) along with a sales summary providing information about every sale of potential accused instrumentalities on April 29, 2008.  Production of documents

> pursuant to this rule constitutes a representation that the drawings are "sufficient to show the operation of any aspects or elements of an Accused Instrumentality" . . . Based on these documents, Davis-Lynch could have identified which products to accuse, and how many of those products had been sold.

*Id.* at 6.  Judge Love rejected each of Davis-Lynch's purported excuses for its delay.  *Id.* at 6-7.

Furthermore, in rejecting Davis-Lynch's arguments concerning the importance of the supplementation, Judge Love held that "[a]llowing Davis-Lynch to amend its PICs to include additional products at this late stage in the litigation would 'deter neither game-playing nor actual violation of the rules – to the contrary it would actually discourage the voluntary exchange of information.'"  *Id.* at 7, quoting *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 822 (E.D. Tex. 2007).  Accordingly, the Court weighed the potential prejudice and determined that "the prejudice is not so great as to weigh significantly against Davis-Lynch's lack of diligence."  *Id.* at 7-8.  Finally, Judge Love determined that "the burden on Weatherford would be significant" if Davis-Lynch were allowed to supplement to add more models to its infringement contentions (*id.* at 8) and found that the Court's schedule would not permit a continuance.  *Id.* at 8-9.  Accordingly, Judge Love found that Davis-Lynch had failed to demonstrate good cause to amend its PICs to include the additional products.  *Id.* at 9.

Davis-Lynch first responded by filing a "Motion for Reconsideration or, Alternatively, Second Motion for Leave to Supplement."  *See* Davis-Lynch Motion for Reconsideration, Civ. A. 6:07-CV-559, DE 85 (Jan. 16, 2009).  Following briefing, Judge Love denied Davis-Lynch's motion.  *See* Ex. B, Order Denying Motion for Reconsideration, Civ. A. 6:07-CV-559, DE 108 (Feb. 20, 2009).  Judge Love determined that "Davis-Lynch merely restates the arguments considered by this court" and that while Davis-Lynch presented new facts and case citations, "these facts and cases could have been presented before the Court issued its prior order."  *Id.* at 2.  Nevertheless, the Court addressed the merits of Davis-Lynch's reconsideration arguments.

First, the Court rejected Davis-Lynch's contention that both parties knew the case involved all fifty-plus models of Weatherford's large bore and mid bore auto-fill float equipment:

> This contention is in direct conflict with the local patent rules in general, which are designed to prevent parties from asserting vague claims and shifting positions, and Local Patent Rule 3-1(b) in particular, which is designed to allow both parties to prepare their respective (non-)infringement theories. Rule 3-1(b) requires a party to identify each accused product by name and model number, if known. Under this Rule, amorphous knowledge of potentially infringing products is no substitute for actually listing accused products in a party's PICs . . . To the extent both parties were aware that Davis-Lynch intended to accuse the additional products, Davis-Lynch has no excuse for not amending its PICs.

Ex. B, Order Denying Reconsideration at 2-3.   The court rejected Davis-Lynch's remaining arguments and denied the motion for reconsideration.

### 3.  Davis-Lynch's Present Lawsuit

On April 14, 2009, Davis-Lynch responded to Judge Love's second denial of its request to supplement its PICs by filing this suit.

#### a.  Davis-Lynch's Present Complaint Makes The Same Infringement Claims Against Weatherford As In Its 2007 Suit

Just like the complaint in the pending 2007 suit, Davis-Lynch's current complaint alleges that Weatherford International has infringed Davis-Lynch's '336 patent "by making, using, offering for sale, and/or selling, without limitation, mid-bore and large bore auto-fill float equipment." *See* Original Complaint, Civ. A. 6:09-CV-168, DE 1 at ¶ 82.   Davis-Lynch's complaint goes on to list fifty specific model numbers – the same models Davis-Lynch attempted to identify in its PICs in the Pending 2007 Action through its motion for leave to supplement, which Judge Love denied.   Similarly, Davis-Lynch's present complaint makes the same infringement allegations against Weatherford International's related companies, Weatherford U.S., L.P., and WUS Holding, Inc.  *See id.* at ¶¶74, 78.  For those two related companies, Davis-

Lynch lists fifty-five model numbers – the models for which Judge Love denied leave to supplement, plus the model numbers corresponding to those in its original PICs in the Pending 2007 Action.

> **b.     In Seeking To Add Weatherford's Customers To The Dispute, Davis-Lynch Violated The Terms Of The Protective Order In The Pending 2007 Action**

Apparently to differentiate this Current Action from the Pending 2007 Action, Davis-Lynch has alleged infringement by various other parties, such as HILCORP Energy Co, McRae Exploration & Production, Inc., etc.  While Davis-Lynch's complaint is silent on the point, each of those companies is a Weatherford customer, and the specific model numbers Davis-Lynch sets out in its allegations of infringement as to those parties are in fact Weatherford model numbers. Moreover, they are included in the model numbers asserted against Weatherford International, whether in the current complaint (DE 1 at ¶ 82) or (in the case of National Energy and the L42A0 model) in Davis-Lynch's original PICs in the Pending 2007 Action.  In identifying Weatherford customers and identifying the products Weatherford sold them in a publicly-accessible document, Davis-Lynch violated the terms of the Protective Order in the Pending 2007 Action.

The information regarding the identity of Weatherford's customers and the specific products they purchased was produced by Weatherford in the Pending 2007 Action as "Attorney's Eyes Only" information under the terms of the Protective Order in that case.  Ex. N, Protective Order, Civ. A 6:07-CV-559, DE 40 (April 4, 2008).  By specifically identifying customers and the products they purchased, Davis-Lynch violated that Protective Order, first by using confidential information produced in the Pending 2007 Action for the purposes of this Current Action (*see* Ex. N at ¶ 4), and then by publicizing that highly confidential information in its publicly-accessible complaint.  (*See* Ex. N at ¶¶ 4, 17).

Davis-Lynch's transparent attempt to circumvent Judge Love's prior orders by adding new defendants is evident by the fact the five of the accused customers purchased only a single accused tool.  One of the accused customers, Merit Energy, purchased a single Weatherford device **prior** to the issue date of the '336 patent and thus, as a matter of law, cannot infringe. *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1237 (Fed. Cir. 1985) ("A patent has no retroactive effect.").  Collectively, the accused customers remaining in the lawsuit[3] purchased a total of 25 accused tools.

In any event, Davis-Lynch's attempts to differentiate this Current Action from the Pending 2007 Action by adding related Weatherford companies and Weatherford customers are futile.  As discussed below, the presence of additional related parties and customers in this Current Action does not preclude application of the various rules against claim splitting and duplicative litigation.

## IV.    ARGUMENT AND AUTHORITIES

Davis-Lynch's attempt to circumvent Judge Love's Order in the Pending 2007 Action by filing the same claims in this Current Action must fail.  It is improper as a matter of law, and the Complaint should be dismissed on any one of the following grounds.

### A.    Davis-Lynch's Duplicative Suit Violates The Rule Against Claim Splitting

#### 1.    Davis-Lynch Was Required To Bring All Its Infringement Claims In A Single Suit

This action is barred under the doctrine of claim splitting.  "It is well-established that a party may not split a cause of action into separate grounds of recovery and raise the separate grounds in successive lawsuits; instead, a party must raise in a single lawsuit all the grounds of recovery arising from a single transaction or series of transactions that can be brought together."

---

[3] MCRAE Energy Corp. and National Energy Group, Inc. have already been dismissed from this lawsuit by Davis-Lynch.

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 619 (Fed. Cir. 1995); *see also Super Van Inc. v. City of San Antonio*, 92 F.3d 366, 371 (5th Cir. 1996) ("A main purpose behind the rule preventing claim splitting is to protect the defendant from being harassed by repetitive actions based on the same claim.").[4]

This Court in *Orion IP, LLC v. Home Depot USA, Inc.*, No. 2:05-CV-306 (E.D. Tex. Oct. 7, 2005) (Ex. C), addressed essentially the same facts as in this case.  In *Orion*, in a prior pending suit, Orion had attempted to amend its PICs to identify additional Toyota websites it accused of infringing its patents.   The Court struck the PICs with prejudice, concluding that "the information contained in the amended PICs was publicly available to Orion at the outset of the case and that Toyota would be prejudiced by allowing Orion to bring new theories of infringement at an advanced stage of the case."  Ex. C, slip op. at 1.  Later, (like Davis-Lynch here) Orion filed a second suit against Toyota, bringing the same allegations that were struck by the Court in the first suit.  *Id.*

According to this Court, "the allegations in the second action are barred by the doctrine of claim splitting.  This doctrine provides that litigants are prohibited from splitting their claims into multiple actions when the litigant should have brought the claims in a single action."  *Id.*, slip op. at 1-2.  This Court in *Orion* (like Judge Love in the Pending 2007 Action) recognized that the "Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun."   Ex. C, slip op. at 2, quoting *American Video Graphics*, 359 F.Supp.2d at 560.   This Court ruled that "allowing Orion to allege the same theories of

---

[4] In the briefing before Judge Love on Davis-Lynch's request to supplement its PICs, the parties argued whether Davis-Lynch would be precluded from bringing a separate suit on the products excluded from the PICs.  Judge Love determined that issue was not properly before him.  Ex. A, Order Denying Motion to Include Additional Products, Civ. A. 6:07-CV-559, DE 83 at 8 n.4.

infringement against Toyota that were previously struck would undercut the purpose of the patent rules and would prejudice Toyota." *Id.*, slip op. at 2.  Accordingly, the Court held "the doctrine of claim splitting prevents Orion from bringing claims in a second action that should have been timely brought in the first action."

Other courts have reached the same result.  In *Civix-DDI, LLC v. Expedia, Inc.*, 2005 WL 1126906 (N.D. Ill. May 2, 2005), the court applied the claim splitting doctrine to dismiss a second action that asserted the same patents against the same technology that was accused in a prior action.  The *Civix* plaintiff, similar to Davis-Lynch here, tried to broaden its infringement allegations by amending its interrogatory answers to assert additional patent claims.  When the defendant moved to strike, the plaintiff withdrew the allegations and filed them in a separate lawsuit.  The defendants moved to dismiss the second lawsuit on multiple grounds, including the doctrine of claim splitting.  In granting the motion to dismiss, the court stated:

> Civix seeks to assert in the Second Action the identical patents against the identical accused technology as in the Initial Action . . . Civix attempts to assert new patent claims that it should have timely brought in the Initial Action.  The doctrine of claim splitting prevents a plaintiff from avoiding a potential adverse ruling from the Court regarding the timeliness of asserting the new claims in an initial action by attempting to assert its new claims in a second action.

*Id.* at *4; *see also Ameritox, Ltd. v. Aegis Sciences Corp.*, 2009 WL 305874 (N.D. Tex. Feb. 9, 2009) (dismissing under the claim splitting doctrine a complaint that attempted to allege a Lanham Act violation, which a previous court had rejected as untimely); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052 (S.D. Cal. 2007); *Kim v. Sara Lee Bakery Group, Inc.*, 412 F.Supp.2d 929, 941 (N.D. Ill., 2006); *Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 452 F.Supp.2d 621 (D. Md. 2006).

A comparison of the complaints here shows that Davis-Lynch has brought duplicative claims of infringement of the same patent by the same accused technology:

| Complaint in the Pending 2007 Action (Civ. A. 6:07-CV-559, DE 1, ¶ 11) (Ex. G) | Original Complaint in the Current Action (Civ. A. 6:09-CV-168, DE 1, ¶ 82) |
|---|---|
| "Defendant Weatherford has been and is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of at least one claim of the '336 patent in the United States by making, using, offering for sale, and/or selling, without limitation, products marketed and sold under the trade designation 'Auto-Fill Float Collar.'" | "Defendant Weatherford Int'l has been and is directly infringing, actively inducing others to infringe, and/or contributing to the infringement of at least one claim of the '336 patent in the United States by making, using, offering for sale, and/or selling, without limitation, mid-bore and large bore auto-fill float equipment." |

Those complaint allegations show that Davis-Lynch has a single claim – alleged infringement of its '336 patent by Weatherford's Auto-Fill Float Collar products.  Now, after Judge Love denied Davis-Lynch's attempt to supplement its PICs so as to specifically identify additional auto-fill float models, Davis-Lynch has split its claim to charge those other models with infringement in this suit.  The doctrine of claim splitting, however, bars this second suit.[5]

### 2. The Fact That Davis-Lynch Added Weatherford Customers And Related Weatherford Companies Does Not Preclude Application Of The Rule Against Claim Splitting

Davis-Lynch might attempt to argue that it overcame its claim splitting problem by adding parties other than Weatherford International to this suit.  Those arguments would fail.

In "the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion." *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen*, 296 F.3d 982, 987 (10th Cir. 2002). Accordingly, to determine whether the second action is duplicative of the first, the court examines whether the causes of action and relief sought, as well as the parties *or privies* to the

---

[5] Davis-Lynch cannot successfully argue that because its 2007 suit is still pending, that suit cannot preclude this suit on claim-splitting grounds.  The main difference between the rule against claim splitting and res judicata is that the former does not require a final adjudication in a prior action.  *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen*, 296 F.3d 982, 987 n.1 (10th Cir. 2002) ("It is clear that a motion to dismiss based on improper claim splitting need not – indeed, often cannot wait until the first suit reached final judgment . . . ."); *Sensormatic*, 452 F.Supp.2d at 626 n.2 (same); *Kim*, 412 F.Supp.2d 929, 941 (N.D. Ill. 2006) (same).

action, are the same.  *Sensormatic*, 452 F.Supp.2d at 626.  Under the law, a final judgment in the Pending 2007 Action will preclude the claims asserted in this Current Action, regardless of the existence of additional parties.

First, as to the additional auto-fill float models Davis-Lynch attempted to identify in its supplemental PICs in the Pending 2007 Action, final judgment in that case will preclude the infringement claims Davis-Lynch has pled here.   As explained above, Davis-Lynch pled infringement of its '336 patent by Weatherford's Auto-Fill Float Collar products generally, yet specifically identified only certain models.  "[A] failure to prove the allegations alleged in a complaint requires a decision on the merits, not a dismissal for lack of subject matter jurisdiction."  *Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1339 (Fed. Cir. 2009) (holding that defendant was entitled to dismissal *with prejudice* as to product models for which patent owner did not present evidence of infringement), quoting *Litecubes, Inc., v. Northern Light Prods., Inc.*, 523 F.3d 1353, 1363 (Fed. Cir. 2008).  Accordingly, a final judgment in the Pending 2007 Action will preclude the claims asserted here.

Next, as to the presence of the related Weatherford companies in this suit, the Federal Circuit's decision in *Mars* is dispositive.  In that case, Mars prevailed in a patent infringement case against Conlux USA Corporation, and then brought a subsequent suit against Nippon Conlux Kabushiki-Kaisha, Conlux USA's parent corporation.  *Mars*, 58 F.3d at 617.  The Court affirmed the district court's ruling that claim preclusion barred that second suit.  *Id*.  "The principles of claim preclusion . . . are not limited to cases involving identical parties.  It is well settled, for example, that claim preclusion may be invoked by and against those in privity with parties."  *Id.* at 618-19.

According to the Court,

> The complaints against Conlux USA and Nippon Conlux related to the same set of transactions.  In both complaints, Mars alleged that it had been injured by the infringement attributable to the importation, sale, and use of the same group of Nippon Conlux Premier series coin changers.  Moreover, because Conlux USA represented Nippon Conlux in this country, on the facts of this case any damages suffered by Mars would have been dependent on the conduct of Conlux USA in distributing the accused Premier series coin changers . . . [A]s the district court noted, "every act underlying Mars' cause of action in this suit is intimately intertwined with events that were litigated in [the first suit]."

*Id.* at 620.  *See also Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1175-76 (5th Cir. 1992) (res judicata barred suit against corporation that had acquired the assets of a defendant in a prior suit).  The same is true here.  Davis-Lynch's claims of infringement against Weatherford U.S., L.P., and WUS Holding, LLC are based on the same "making, using, offering for sale, and/or selling" the same "mid-bore and large bore auto-fill float equipment" that forms the basis for Davis-Lynch's infringement claims against Weatherford International, both in this Current Action, and in the Pending 2007 Action.  As in *Mars*, a final judgment in the Pending 2007 Action would bar Davis-Lynch's claims against the related Weatherford companies in this suit.  Therefore, the rule against claim splitting bars this Current Action, despite the presence of Weatherford's related companies.

Likewise, the addition of Weatherford's customers does not preclude applying the claim splitting doctrine to dismiss this suit.  Davis-Lynch's claims against the Weatherford customers identify only models of Weatherford Auto-Fill Float Collar products as the basis for its infringement allegations against the customers.  Because Weatherford's Auto-Fill Float Collar products are the basis for the infringement pleadings in the Complaint and Declaratory Judgment Counterclaim in the Pending 2007 Action (*see* page 4, above), final judgment in the Pending 2007 Action would preclude a second suit against Weatherford's customers based on those same products.  *MGA, Inc. v. General Motors Corp.*, 827 F.2d 729, 734 (Fed. Cir. 1987) ("The *Kessler* doctrine bars a patent infringement action against a customer of a seller who has previously

prevailed against the patentee because of invalidity or non-infringement of the patent; otherwise, the effect of the prior judgment would be virtually destroyed.") (citing *Kessler v. Eldred*, 206 U.S. 285 (1907)).   Since claim preclusion would apply to Davis-Lynch's claims against the customers once there is a final judgment in the 2007, the rule against claim splitting bars this Current Action now.

**B.      Davis-Lynch's Suit Is An Impermissible Collateral Attack On Judge Love's Order In The Pending 2007 Action**

Through this Current Action, Davis-Lynch is also attempting to do what the Federal Circuit ruled in *Glitsch, Inc. v. Koch Engineering Co. Inc.*, 216 F.3d 1382 (Fed. Cir. 2003), was impermissible – file a second suit as a collateral attack on an adverse ruling in a first suit.   In *Glitsch*, a motion to amend a pleading in a first action was denied as untimely.   *Id.* at 1383.   The moving party then filed a separate action in which it alleged the same claims it had not been allowed to raise in the first action.   *Id.*   The Federal Circuit held this was legally impermissible and that there was "a strong and sensible policy against such a tactic."   *Id.* at 1384.   "When a court enters an order that a party does not like, the party's recourse is to seek relief on appeal; it is not appropriate for the party to contest the court's order by filing a new action . . . challenging the court's ruling in the first case."   *Id.*; *see also Orion,* No. 2:05-CV-306 (E.D. Tex. Oct. 7, 2005) (Ex. C), slip op. at 3 (applying *Glitsch* as grounds for dismissal of Orion's second suit seeking to allege infringement as to products struck from its PICs in a first suit).

As in *Glitsch* and *Orion*, this Pending Action constitutes an impermissible collateral attack on Judge Love's orders in the Pending 2007 Action denying Davis-Lynch's request to supplement its PICs with the identification of additional model numbers.   If Davis-Lynch does not like Judge Love's orders, it may appeal as part of the 2007 Action.   It may not, however,

initiate another lawsuit to circumvent the orders.   As in *Glitsch* and *Orion*, Davis-Lynch's complaint in this Current Action should be dismissed.

## C.   Davis-Lynch's Duplicative Suit Violates The First-to-File Rule

The Supreme Court has explained that "[a]s between federal district courts . . . the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).   "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985).   "To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district court." *Id.*   "The first-to-file rule . . . is essentially a forward-looking doctrine. Courts use this rule to maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case raising issues that might substantially duplicate those raised by a case *pending* in another court." *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 604 (5th Cir. 1999) (emphasis in original).

In *West Gulf Maritime Ass'n*, the Fifth Circuit provided examples of other decisions where the "first-to-file" rule was applied in the context of duplicative patent cases.   Specifically, the Court cited *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93 (9th Cir. 1982), and *Mann Mfg. Inc. v. Hortex, Inc.,* 439 F.2d 403 (5th Cir. 1971).   *Id*. at 730.   In both cases, a second lawsuit was filed during the pendency of an earlier-filed lawsuit, each involving alleged infringement of the same or related patents.   In *Pacesetter*, the Court affirmed dismissal of the second filed action, and in *Mann* the Court affirmed the first court's injunction prohibiting the parties from litigating the second suit.

17

*Texas Instruments Inc. v. Micron Semiconductor, Inc.*, 815 F. Supp. 994 (E.D. Tex. 1993), explained the relevant inquiry:

> In determining whether to apply the first-to-file rule to an action, a court must resolve two questions: 1) are the two pending actions so duplicative or involve substantially similar issues that one court should decide the subject matter of both actions; and 2) which of the two courts should take the case?

*Id.* at 997.  Regarding the first inquiry, the Court stated that "all that need be present is that the two actions involve closely related questions or common subject matter, or that the core issues substantially overlap.  The cases ***need not be identical*** to be duplicative."  *Id.*  (emphasis added).

As in *Texas Instruments*, there is "substantial overlap" between Davis-Lynch's claims in the Pending 2007 Action and this Current Action.  The same '336 patent is involved, the same invalidity issues will be raised, and, as explained above (pages 12-13), Davis-Lynch pled the same claims of infringement by Weatherford.  Even parsing Davis-Lynch's claims by model numbers, Davis-Lynch has accused the related Weatherford companies and Weatherford's customers of infringement arising out of the same model numbers Davis-Lynch identified in the original PICs (Ex. J) and/or in the proposed Supplemental PICs (Ex. M) in the Pending 2007 Action.  Similarly, that Davis-Lynch has added different parties to this suit does not avoid the first-to-file rule.  *Imation Corp. v. Sterling Diagnostic Imaging, Inc.*, 1998 WL 574164 (D. Minn. 1998) ("the actions need not be identical as to issues . . . or parties . . . for them to be found duplicative.").  As *Texas Instruments* stated, "the rule is that the court first seized of jurisdiction over a dispute should be permitted to adjudicate that controversy fully."  815 F. Supp. at 997.  That court is Judge Love's court in the Pending 2007 Action, and Davis-Lynch's complaint in this case should be dismissed in favor of that suit.

Judicial economy alone compels dismissing Davis-Lynch's duplicative complaint.  Federal courts uniformly hold that "[a]s a general rule, a federal suit may be dismissed for

reasons of wise judicial administration . . . whenever it is duplicative of a parallel action already pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993); *see also Civix*, 2005 WL 1126906 at *4; *Orion,* No. 2:05-CV-306 (E.D. Tex. Oct. 7, 2005) (Ex. C), slip op. at 3 n.2 (citing *Serlin* and *Civix*); *Colorado River Water Conservation Dist.*, 424 U.S. at 817; *Kim*, 412 F.Supp.2d at 939.

Davis-Lynch seeks to force Weatherford to simultaneously litigate its '336 patent in two suits, in what is plainly an attempt to circumvent Judge Love's orders regarding Davis-Lynch's PICs in the Pending 2007 Action.   This is improper and wasteful, and this case should be dismissed.

**D.     This Suit Is Barred Under Fed. R. Civ. P. 13(a) Because It Asserts Claims That Were Compulsory Counterclaims In The Pending 2007 Action**

Finally, the Federal Circuit has held that a second lawsuit must be dismissed when its claims were compulsory counterclaims in a prior action.  *See Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003).  That is the case here.

In *Polymer*, the plaintiff filed an action for patent infringement.   The defendant counterclaimed for a declaratory judgment of non-infringement.   Later, the plaintiff filed a second action against the same defendant for infringement of the same patent.   The defendant moved to dismiss the second action under Rule 12(b)(6) for failure to state a claim, alleging that the infringement claim in the second action arose out of the same transaction or occurrence as the declaratory judgment counterclaim that the defendant had brought in the first action and was thus a compulsory counterclaim in the first action.

The Federal Circuit agreed, affirming the dismissal of the second action.  *Id.* at 939. According to the Court, an infringement counterclaim is a compulsory counterclaim under Rule 13(a)  of  the  Federal  Rules  of  Civil  Procedure  to  a  declaratory  judgment  action  for  non-

infringement. *Id.* at 938.  When a claim is a compulsory counterclaim in a first action, according to the Court, the party "is forever barred from asserting that claim in future litigation." *Id.  See also Civix*, 2005 WL 1126906 at *3 (dismissing second action in view of a prior action that was still pending that included broad declaratory judgment counterclaims); *Kim*, 412 F.Supp.2d 941 (same).

This is precisely the case here.  In the Pending 2007 Action, Weatherford sought a declaratory judgment "that Weatherford's 'Auto-Fill Float Collars,' other products and methods involving same, do not infringe, contribute to infringement, and/or induce infringement of any valid claim of the '336 patent."  *See* Ex. H, Original Answer, Civ. A. 6:07-CV-559, DE 3 at Counterclaim ¶ 10.  Even if Davis-Lynch's "claims" for infringement of the '336 patent could be parsed into separate claims against separate models,[6] Weatherford sought a declaratory judgment of noninfringement as to its "Auto-Fill Float Collars" generally – not any specific models.  To the extent Davis-Lynch had infringement contentions relating to other specific models of Auto-Fill Float Collars, including the models Davis-Lynch tried to add to its PICs in the Pending 2007 Action and has now specifically listed in the complaint in this action, Davis-Lynch was required to bring those contentions in the 2007 case under Fed. R. Civ. P. 13(a).  Under *Polymer*, this case must be dismissed.

---

[6] In fact, however, Davis-Lynch's pleadings took the position that Weatherford's broad declaratory judgment counterclaim simply mirrored the allegations that Davis-Lynch had already included in its complaint.  Thus, Davis-Lynch "den[ied] that these declaratory judgment counterclaims are proper since they involve the same rights and issue[s] raised in Davis-Lynch's Complaint."  *See* Ex. I, Answer to Counterclaims, Civ. A. 6:-07-CV-559, DE 16 at ¶ 10.  By Davis-Lynch's own admission, therefore, any infringement contentions it had as to any specific models should have been timely raised in the 2007 action.

## V.      CONCLUSION

For the foregoing reasons, Weatherford respectfully requests that the Court dismiss this action.

Dated:  May 18, 2009                    Respectfully submitted,


                                        /s/ J. Dean Lechtenberger
                                        J. Dean Lechtenberger, Lead Attorney
                                           Texas Bar No. 12100720
                                           lechtenbergerd@howrey.com
                                        Henry A. Petri, Jr.
                                           Texas Bar No. 15850600
                                           petrih@howrey.com
                                        HOWREY LLP
                                        1111 Louisiana, 25th Floor
                                        Houston, Texas  77002-5242
                                        Telephone: (713) 787-1400
                                        Facsimile: (713) 787-1440

                                        Local Counsel:
                                        S. Calvin Capshaw
                                           ccapshaw@capshawlaw.com
                                        Elizabeth L. DeRieux
                                           ederieux@capshawlaw.com
                                        CAPSHAW DERIEUX, LLP
                                        Energy Centre
                                        1127 Judson Rd., Suite 220
                                        P.O. Box 3999 (75606-3999)
                                        Longview, Texas 75601-5157
                                        Telephone: (903) 236-9800
                                        Facsimile: (903) 236-8787

                                        **ATTORNEYS FOR DEFENDANTS,
                                        WEATHERFORD INTERNATIONAL, INC.;
                                        WEATHERFORD U.S., L.P.; and
                                        WUS HOLDING, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 18th day of May, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

  /s/ J. Dean Lechtenberger