**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **DAVIS-LYNCH, INC.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL CASE NO. 6:09-cv-168-LED** |
| **vs.** | § | |
| | § | **JURY TRIAL REQUESTED** |
| **HILCORP ENERGY COMPANY;** | § | |
| **McRAE EXPLORATION &** | § | |
| **PRODUCTION, INC.;** | § | |
| **MILLENNIUM OFFSHORE** | § | |
| **GROUP, INC.;** | § | |
| **NEUMIN PRODUCTION COMPANY;** | § | |
| **REEF EXPLORATION, L.P.;** | § | |
| **RIDGELAKE ENERGY, INC.;** | § | |
| **TUCKER ENERGY SERVICES** | § | |
| **USA, INC.;** | § | |
| **WEATHERFORD U.S., L.P.;** | § | |
| **WUS HOLDING, LLC;** | § | |
| **WEATHERFORD INT'L, INC.** | § | |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF DAVIS-LYNCH, INC.'S RESPONSE TO
WEATHERFORD'S MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

## TABLE OF CONTENTS

I.     INTRODUCTION ................................................................................................... 1

II.    SUMMARY OF ARGUMENT ................................................................................. 1

    A.   The Rule Against Claim Splitting is Not Applicable Here ........................................ 2

II.    ARGUMENT & AUTHORITIES ............................................................................. 2

    B.   This Case is Not a Collateral Attack ........................................................................ 7

    C.   First-to-File is Not Applicable Here .......................................................................... 8

    D.   Weatherford, Int'l, Inc.'s Declaratory Judgment Action Inapplicable ................... 9

    E.   Davis-Lynch has Not Violated the Protective Order .............................................. 11

    F.   Defendant Hilcorp's Joinder ................................................................................... 11

III.   CONCLUSION .................................................................................................... 12

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ameritox, Ltd. v. Aegis Sciences Corp.*, Case No. 3:08-cv-1168-D, 2009 WL 305874 at *4 (N.D. Tex. Feb. 9, 2009) ................................................................................................................. 2, 4

*Carter v. Nicholson*, Case No. 07-20169, 2007 WL 3316086 at *4 (5th Cir. Nov. 8, 2007) ..... 8, 9

*Civix-DDI, LLC v. Expedia, Inc., Case No. 04-c-8031, 2005 WL 1126906 at *1-2 (N.D. Ill. May 2, 2005)* ...................................................................................................................................... 5

*Glitsch, Inc. v. Koch Engineering Co.*, 216 F.3d 1382 (Fed. Cir. 2003) ....................................... 7

*Kim v. Sara Lee Bakery Group, Inc.*, 412 F.Supp.2d 929 (N.D. Ill. 2006) ................................... 5

*Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) ........................................................... 1

*Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 405 (5th Cir. 1971) .............................................. 9

*Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 618 (Fed. Cir. 1995) ................. 2, 5

*Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982) ............................... 9

*Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 452 F.Supp.2d 621 (D. Md. 2006).............. 5

*Single Chip Systems, Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052 (S.D. Cal. 2007) ............. 5

*Super Van, Inc. v. City of San Antonio*, 92 F.3d 366, 369 (5th Cir. 1996) ................................ 5, 6

*Torres v. Rebarchak*, 814 F.2d 1219, 1225 (7th Cir. 1987)........................................................... 6

*W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d at 724. .................................................. 9

Other

Exhibit 1 ......................................................................................................................................... 3
Exhibit 2 ......................................................................................................................................... 3
Exhibit 3 .................................................................................................................................... 4, 11
Exhibit 4 ....................................................................................................................................... 10
Exhibit 5 ....................................................................................................................................... 11

Plaintiff Davis-Lynch, Inc. ("Davis-Lynch") files this Response to Weatherford U.S., L.P., WUS Holding, LLC, and Weatherford Int'l, Inc.'s (collectively "Defendants") Motion to Dismiss Pursuant to Rule 12(b)(6) [Doc.21] and would respectfully show this Court as follows:

## I.   INTRODUCTION

Defendants spend roughly half of their Motion to Dismiss ("Motion") mischaracterizing events related to Davis-Lynch's efforts to supplement its infringement contentions in the 2007 Litigation.[1] Davis-Lynch does not agree with Defendants' representations contained in their "Factual Background" section. The only relevant facts for Defendants' Motion which need to be evaluated here are the fact that (1) nine of the ten defendants in this case are not parties to the 2007 Litigation; and (2) the accused products being asserted against Weatherford Int'l, Inc. in this case are, according to Weatherford Int'l, Inc., different from the accused products in the 2007 Litigation. Defendants' remaining allegations are simply mischaracterizations meant to bury the relevant facts identified above. Further, the legal standards do not support Defendants' Motion.

Therefore, in order to avoid burdening this Court with irrelevant disputes, Davis-Lynch will focus this Response on the controlling case law and relevant facts necessary for a determination here.

## II.   SUMMARY OF ARGUMENT

When evaluating a Rule 12(b)(6) motion, the court must look at the "complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor."[2] Defendants assert four theories as the bases for their Motion. However, Defendants ignore the fact that nine of the

---

[1] The term "2007 Litigation" refers to the following pending suit: *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, Case No. 6:07-cv-559-JDL, in the United States District Court for the Eastern District of Texas, Tyler Division.
[2] *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003).

ten defendants in this case are not parties to the 2007 Litigation. Defendants also ignore the fact

that the claims against Weatherford Int'l, Inc., the one defendant also in the 2007 Litigation, are

claims related to different models. These facts require that Defendants' Motion be denied.

Further, the first-to-file rule is not applicable to this case, and the basis for Defendants' argument

related to compulsory counterclaims is wrong.

## II.   ARGUMENT & AUTHORITIES

### A.   The Rule Against Claim Splitting is Not Applicable Here

Dismissal based on the theory of claim splitting is not proper here for any defendants

much less the Defendants seeking dismissal. Applying the standard for claim splitting as

provided by the Fifth Circuit to the facts here show that claim splitting is not a proper basis for

dismissal. Further, an evaluation of the cases relied upon by Defendants reveals that these cases

are distinguishable from the facts here. Thus, Defendants' Motion should be denied.

The general principles of claim splitting are not peculiar to patent law. Therefore, the law

of the Fifth Circuit controls how the principles of claim splitting are applied.[3] The Fifth Circuit

uses the "same transaction" test to determine whether a single claim has been split.[4] In other

words, "[i]n a claim splitting case, the second suit will be barred if the claim involves the same

parties and arises out of the same transaction or series of transactions as the first claim."[5] When

this "same transaction" test is applied to the facts here, it shows that claim splitting has not taken

place.

---

[3] There are no Federal Circuit cases discussing choice of law with regard to claim splitting.  However, in *Mars*, the Federal Circuit did evaluate the principles of claim preclusion. *See Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 618 (Fed. Cir. 1995). Although claim preclusion is a separate doctrine, the analysis indicates that the law of the Fifth Circuit should be applied here. *See id.*

[4] *See Ameritox, Ltd. v. Aegis Sciences Corp.*, Case No. 3:08-cv-1168-D, 2009 WL 305874 at *4 (N.D. Tex. Feb. 9, 2009) (quoting *FDIC v. Nelson*, 19 F.3d 15, 1994 WL 93409 at *2 n.5 (5th Cir. Mar. 15, 1994)).

[5] *Id.* (citations omitted).

In the 2007 Litigation, Davis-Lynch is alleging that Weatherford Int'l, Inc. is infringing U.S. Patent No. 6,679,336 ("the '336 patent") through the manufacture and selling of models L42A, L45AP, and L46AP.[6] In this case, Davis-Lynch is alleging that Weatherford Int'l, Inc. is infringing the '336 patent through the manufacture and selling of *different* models.[7] In the 2007 Litigation, Weatherford Int'l, Inc. took the position that "Weatherford disputes that all models are the same…"[8] Weatherford Int'l, Inc. also took pains to refer to the different models as different *products* to draw more of a distinction.[9] Further, in a hearing before Judge Love in the 2007 Litigation, Weatherford Int'l, Inc. continued to draw distinctions between L42A, L45AP, and L46AP and other models.[10]

Thus, the accused models in this case are different from the accused models in the 2007 Litigation. The claims here do not arise out of the same transaction or series of transactions as in the 2007 Litigation. Davis-Lynch recognizes that Weatherford Int'l, Inc. is now trying to take the position that the accused models in this case and in the 2007 Litigation are the same,[11] but this maneuvering by Weatherford Int'l, Inc. is insufficient to erase its previous position on this issue – that the accused models in this case are different from the accused models in the 2007 Litigation. Therefore, the rule against claim splitting does not apply here.

As noted above, Defendant's Motion was filed only by three of the ten defendants. Despite certain arguments in the Motion, Defendants have no standing to assert that their Motion

---

[6] *See* Davis-Lynch's Third Supplemental Infringement Contentions in Case No. 6:07-cv-559-JDL attached hereto as **Exhibit 1**.
[7] *See* Davis-Lynch's Complaint [Doc.1] at ¶ 82.
[8] *See* Weatherford Int'l, Inc.'s Opposition to Plaintiff Davis-Lynch's Motion for Reconsideration or, Alternatively, Second Motion for Leave [Doc.89] at 14 in Case No. 6:07-cv-559-JDL.
[9] *See id*.
[10] *See* Hearing Transcript dated January 7, 2009, in Case No. 6:07-cv-559-JDL at 55-56 attached hereto as **Exhibit 2**.
[11] *See* Defendants' Motion at 13-15.

applies to the other defendants in this case that are customers who used the accused models.[12] This is underlined by the fact that the attorney for Defendants confirmed he does not represent the other defendants in this case,[13] and the soon thereafter filing of a joinder to the Motion by one of the customer-defendants which will be addressed separately.[14]

Further, the "same transaction" test only bars a claim if it involves the same parties.[15] There is nothing improper about a patentee suing additional infringers. The claims against the customer-defendants are based on those defendants use of the accused products rather than the manufacture and selling of accused products which makes them a different transaction as well.

In addition to Weatherford Int'l, Inc. and the customer-defendants, there are two other defendants in this case: Weatherford U.S., L.P. and WUS Holding, LLC. These are likewise different entities not in the 2007 Litigation which do not invoke the prohibition against claim splitting. Further, although Defendants make statements about "privity" in their Motion, there has been no showing that Weatherford U.S., L.P. and WUS Holding, LLC are in privity with Weatherford Int'l, Inc.

Therefore, applying the "same transaction" test as stated by the Fifth Circuit, the bar against claim splitting is not applicable to this case. There is only one defendant from the 2007 Litigation in this case, and the accused products in this case related to Weatherford Int'l, Inc. are not the same as the products in the 2007 Litigation. Further, the claims relied upon by Defendants are distinguishable from this case.

---

[12] It should be noted that several of the defendants have their own attorneys who have already made appearances for them in this case. Further, Defendants Millenium Offshore Group, Inc. and Neumin Production Company are currently in default in this case.

[13] See E-Mail from Dean Lechtenberger to Eric Adams dated May 28, 2009, attached hereto as **Exhibit 3**.

[14] On May 29, 2009, Defendant Hilcorp Energy Company filed a Joinder in Defendants' Motion [Doc.28]. Davis-Lynch will provide a response to this Joinder as well.

[15] See *Ameritox, Ltd. v. Aegis Sciences Corp.*, Case No. 3:08-cv-1168-D, 2009 WL 305874 at *4 (N.D. Tex. Feb. 9, 2009) (quoting *FDIC v. Nelson*, 19 F.3d 15, 1994 WL 93409 at *2 n.5 (5th Cir. Mar. 15, 1994)).

- In *Mars*, the patentee received a final judgment of infringement.[16] The patentee then brought suit against the parent company of the previous defendant based on the same patent, the same claims, and the same product.[17] The case focused on the theory of claim preclusion which is not at issue here.[18]

- In *SuperVan*, the first suit was an adversary proceeding in bankruptcy court which resulted in an injunction.[19] The plaintiff instituted a second adversary action against the same defendants, and the plaintiff prevailed again.[20] The Fifth Circuit did not address the claim splitting issue, however, because the parties had agreed not to consolidate the two cases.[21]

- In *Orion*, the second suit involved the same parties and the same patent.[22] This case did not involve a product that the plaintiffs had attempted to add to the first case, but there was no indication that the defendant in the first case had gone on record as claiming that the new product was different as Weatherford Int'l, Inc. did here.[23]

- In *Civix*, the plaintiff sought to amend its interrogatories to assert more patent claims against Defendant, but withdrew those claims.[24] The second suit involved the same patent the same accused products, and the same parties.[25]

---

[16] *Mars, Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 617 (Fed. Cir. 1995).
[17] *See id.*
[18] *See id.*
[19] *See Super Van, Inc. v. City of San Antonio*, 92 F.3d 366, 369 (5th Cir. 1996).
[20] *See id.*
[21] *See id.* at 370.
[22] *See* Exhibit C to Defendant's Motion [Doc.21].
[23] *See id.*
[24] *See Civix-DDI, LLC v. Expedia, Inc., Case No. 04-c-8031, 2005 WL 1126906 at *1-2 (N.D. Ill. May 2, 2005).*
[25] *See id.* at *5. Further, the cases cited along with *Civix* are distinguishable from this case. *See Single Chip Systems, Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052 (S.D. Cal. 2007); *Kim v. Sara Lee Bakery Group, Inc.*, 412 F.Supp.2d 929 (N.D. Ill. 2006); *Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 452 F.Supp.2d 621 (D. Md. 2006).

Additionally, this case falls within one of the exceptions to claim splitting which requires that this Motion be denied. In *Super Van*, the Fifth Circuit relied on the *Restatement (Second) Judgments* § 26 for its discussion of claim splitting.[26] One of the cases cited to by the Fifth Circuit was *Torres*.[27] *Torres* is a Seventh Circuit case that also addressed claim splitting while applying the same section of the *Restatements*.[28]

In *Torres*, the court explained that there are certain exceptions to the rule against claim splitting.[29] One exception stated in Comment b to the *Restatements* is as follows: "A determination by the court that its judgment is 'without prejudice' (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record, unless reserved or set aside, should ordinarily be given effect in the second action…"[30]

In the 2007 Litigation, the court did address the possibility of a second case involving models other than L42A, L45AP, and L46AP. In a Memorandum Opinion and Order, the court in the 2007 Litigation stated that precluding the additional products from that case may be prejudicial against Davis-Lynch, but the prejudice ***would not be significant***.[31] The court then acknowledged that Davis-Lynch had pointed out that it would be forced to file a second lawsuit based on the additional products if it were not permitted to include those additional products in the 2007 Litigation.[32] The court then acknowledged that Weatherford Int'l, Inc. had argued that a separate case on the additional products would be barred by claim preclusion principles, but the

---

[26] *Super Van, Inc. v. City of San Antonio*, 92 F.3d 366, 371 (5th Cir. 1996).
[27] *See id.*
[28] *Torres v. Rebarchak*, 814 F.2d 1219, 1225 (7th Cir. 1987).
[29] *Id.*
[30] *Id.*
[31] *See* Memorandum Opinion and Order [Doc.83] at 7 in Case No. 6:07-cv-559-JDL (emphasis added).
[32] *See id.* at 8, n.4.

court refused to address that issue.[33] Thus, the court's statement that Davis-Lynch would not be significantly prejudiced if the additional models were not included in the 2007 Litigation supports the fact that a separate case involving the additional products was a possibility.

Therefore, the statements by the court in the 2007 Litigation that a separate case involving the additional products was a possibility places this case under the exception to the rule against claim splitting. Therefore, Defendants' Motion should be denied.

### B.     This Case is Not a Collateral Attack

Defendants rely on *Glitsch*[34] for their argument that Davis-Lynch's claims in this case are a collateral attack on Judge Love's order. Defendants also cite to the *Orion* order which relied on *Glitsch*. However, the case here is distinguishable from *Glitsch* and *Orion*.

First, this case involves different parties with the exception of Weatherford Int'l, Inc. Thus, *Glitsch* and *Orion* cannot be applied against Davis-Lynch as to these different entities since both dealt with same parties. Further, the claims against Weatherford Int'l, Inc. show that they involve different models from the 2007 Litigation. This distinction was shown in the previous section.

As stated above, Weatherford Int'l, Inc. distinguished models L42A, L45AP, and L46AP from the accused products in this case. In fact, the court in the 2007 Litigation stated that precluding the additional products from that case may be prejudicial against Davis-Lynch, but the prejudice would not be significant.[35] The court then acknowledged that Davis-Lynch had pointed out that it would be forced to file a second lawsuit based on the additional products if it were not permitted to include those additional products in the 2007 Litigation.[36] The court then

---

[33] *See id.*
[34] *Glitsch, Inc. v. Koch Engineering Co.*, 216 F.3d 1382 (Fed. Cir. 2003).
[35] *See* Memorandum Opinion and Order [Doc.83] at 7 in Case No. 6:07-cv-559-JDL.
[36] *See id.* at 8, n.4.

acknowledged that Weatherford Int'l, Inc. had argued that a separate case on the additional products would be barred by claim preclusion principles, but the court refused to address that issue.[37] Thus, the court's statement that Davis-Lynch would not be significantly prejudiced with the court's refusal to address the issue of claim preclusion underlines the fact that Weatherford Int'l, Inc. had drawn such a drastic distinction between L42A, L45AP, and L46AP and the additional products that a separate case involving the additional products was a possibility.

There is nothing to prevent Davis-Lynch was pursuing other infringers simply because these other infringers are customers of Weatherford Int'l, Inc. There has been no showing that there is any reason that Davis-Lynch should not be permitted to maintain its case against Weatherford U.S., L.P. or WUS Holding, LLC. The fact that the claims against Weatherford Int'l, Inc. involve different products means that Davis-Lynch can proceed against Weatherford Int'l, Inc. as well.

The only basis that Defendants assert for dismissing the case against them as it relates to this collateral attack argument are cases that are distinguishable from the facts of this case. Therefore, the motion to dismiss should be denied.

### C.       First-to-File is Not Applicable Here

Defendants argue that this case should be dismissed based on the first-to-file rule. According to the Fifth Circuit, however, the first-to-file rule "usually applies when opposing parties have filed separate lawsuits concerning the same core facts."[38] The Fifth Circuit also stated that "[a]s a general rule, 'the court in which an action is first filed is the appropriate court

---

[37] *See id.*
[38] *Carter v. Nicholson*, Case No. 07-20169, 2007 WL 3316086 at *4 (5th Cir. Nov. 8, 2007) (citing *W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 728-31 (5th Cir. 1985)).

to determine whether subsequently filed cases involving substantially similar issues should proceed."[39]

Here, there has been no race to the courthouse. Davis-Lynch filed both lawsuits. Therefore, the first-to-file rule cannot be applied to this case. Each of the cases relied upon by Defendants involves opposing parties filing lawsuits against each other and arguing over which should proceed based on the first-to-file rule. In West Gulf, the defendant ILA had filed suit in the Southern District of New York.[40] Afterwards, plaintiff West Gulf filed suit in the Southern District of Texas.[41] Both *Mann* and *Pacesetter* also involved a race to the courthouse by opposing parties.[42]

Additionally, even if the first-to-file rule were applicable here for argument's sake, the Fifth Circuit has held that the court in which the first case was filed is to address the issue.[43] Here, that would be the court in the previously filed case rather than this court. Further, the statements made by the court in the previously filed case, as explained in the previous section, suggest that Davis-Lynch's case here is permissible.

Therefore, Defendant's Motion should be denied.

D.     **Weatherford, Int'l, Inc.'s Declaratory Judgment Action Inapplicable**

Defendants claim that Weatherford Int'l, Inc.'s declaratory judgment action in the 2007 Litigation required Davis-Lynch to bring the claims of this case as compulsory counterclaims in the 2007 Litigation.[44] Of course, the only party in the 2007 Litigation is Weatherford, Int'l, Inc., and therefore, this allegation cannot concern the other nine defendants in this case. Further, the

---

[39] *Id*. (quoting *Save Power Ltd. v. Synteck Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)).
[40] *See W. Gulf Mar. Ass'n v. ILA Deep Sea Local 24*, 751 F.2d at 724.
[41] *See id*.
[42] *See Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 405 (5th Cir. 1971); *see also Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94 (9th Cir. 1982).
[43] *See Carter v. Nicholson*, Case No. 07-20169, 2007 WL 3316086 at *4 (citing *Save Power Ltd. v. Synteck Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997)).
[44] *See* Defendants' Motion at 20.

statement that Weatherford Int'l, Inc. is seeking a declaration on its "Auto-Fill Float Collars" generally rather than on any specific models is incorrect.

In supplemental interrogatory answers served on March 9, 2009, Weatherford Int'l, Inc. answered Davis-Lynch's interrogatory asking for "all material facts that support your allegation of non-infringement."[45] The first sentence of Weatherford Int'l, Inc.'s answer is as follows: "As to each asserted claim, each of Weatherford's accused products (L42A, L45AP, and L46AP) does not contain any or all of the following limitations asserted by Davis-Lynch during prosecution of the '336 patent as distinguishing features of the claim invention:…"[46] Thus, Weatherford Int'l, Inc. has specifically stated that its non-infringement allegations relate only to models L42A, L45AP, and L46AP. Since Weatherford Int'l, Inc.'s declaratory judgment action for non-infringement is limited to these models, Defendants cannot now argue that Davis-Lynch is obligated to address issues related to different models because of the declaratory judgment action.

Defendants are once again misrepresenting earlier positions for advantage now. There is no question that Weatherford Int'l, Inc.'s non-infringement contentions in the 2007 Litigation refer only to models L42A, L45AP, and L46AP. Further, the non-infringement assertions in the 2007 Litigation are assertions being made solely by Weatherford Int'l. None of the other defendants are a party to that case, and therefore, the argument that this case should be dismissed as to the other defendants is without merit as well.

Therefore, Defendant's Motion should be denied.

---

[45] See Defendant Weatherford Int'l, Inc.'s Third Supplemental Objections and Answers to Plaintiff Davis-Lynch's First Set of Interrogatories (Nos.1-12) at Interrogatory No.3 attached hereto as **Exhibit 4**.
[46] Id.

###### E.    Davis-Lynch has Not Violated the Protective Order

Defendants also argue that Davis-Lynch has violated the protective order in the 2007 Litigation. It is unclear how this is relevant to this case, but the fact is that Davis-Lynch has not violated the protective order in that case. The only information that Davis-Lynch included in its complaint in this case was the identity of each defendant and the model that each defendant made, sold, or used (depending on the defendant).

Davis-Lynch is entitled to sue infringers of its patent. The defendants in this case are entitled to know which model(s) form the basis of the claims against them. Further, these are sales to third-party customers. There are no secrets being disclosed. In fact, various defendants have sent Davis-Lynch invoices related to Defendants, and these invoices are not labeled as confidential.[47] Further, the fact that these other models exist is already in the public domain by Weatherford Int'l, Inc.'s own filings.[48] Therefore, there has been violation of the protective order in the 2007 Litigation. Weatherford Int'l, Inc.'s position would suggest that Davis-Lynch could never sue any third-party users of the accused models simply because their name appeared in a document Weatherford Int'l, Inc. had marked "confidential."

###### F.    Defendant Hilcorp's Joinder

As stated above, Defendant Hilcorp Energy Company ("Hilcorp") filed a Joinder to Defendants' Motion [Doc.28]. This Joinder was filed roughly forty minutes after Defendants' counsel informed Davis-Lynch that he was only representing the Defendants.[49] Hilcorp's Joinder does not add any substantive to this discussion. The fact that Hilcorp felt the need to file a Joinder bolsters the fact that Defendants have no standing to assert their Motion for anyone other

---

[47] *See* Invoices related to Defendant Tucker Energy Services marked as **Exhibit 5**.  Given Defendants' accusation, Davis-Lynch is seeking to file **Exhibit 5** under seal despite the fact that the invoices are not marked "confidential" out of an abundance of caution.

[48] *See* Exhibit M to Defendant's Motion [Doc.21-14].

[49] *See* **Exhibit 3**.

than themselves. Since Hilcorp does not add any substantive arguments, the arguments above apply to its Joinder as well.

## III.    CONCLUSION

Defendants based their Motion on four separate theories. As the evidence above shows, none of these theories is applicable to this case. When the facts of this case are applied to the law concerning these theories, they each indicate that Defendants' Motion should be denied. Further, the allegation that the protective order in the 2007 Litigation has been violated is without any merit.

Respectfully submitted,


/s/ Eric Adams
Ernest W. Boyd
State Bar No. 00783694
Attorney-in-Charge
MehaffyWeber, P.C.
One Allen Center
500 Dallas Street, Suite 1200
Houston, Texas 77002
Telephone: (713) 655-1200
Facsimile: (713) 655-0222
butchboyd@mehaffyweber.com

Of Counsel:
Eric M. Adams
State Bar No. 24031686
ericadams@mehaffyweber.com
Corey J. Seel
State Bar No. 24037465
coreyseel@mehaffyweber.com
MehaffyWeber, P.C.
One Allen Center
500 Dallas Street, Suite 1200
Houston, Texas 77002
Telephone: (713) 655-1200
Facsimile: (713) 655-0222

Local Counsel:
Andy Tindel
State Bar No. 20054500
atindel@andytindel.com
Provost Umphrey Law Firm, LLP
112 E. Line Street, Suite 304
Tyler, Texas 75702
Telephone: (903) 596-0900
Facsimile: (903) 596-0909


**ATTORNEYS FOR PLAINTIFF
DAVIS-LYNCH, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2009, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:


Stephen H. Cagle
J. Dean Lechtenberger
Joan E. Beckner
Eric Schlichter
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, Texas 77002-5242

S. Calvin Capshaw
Elizabeth L. DeRieux
Capshaw DeRieux, LLP
P.O. Box 3999
Longview, Texas 75606-3999

**ATTONEYS FOR DEFENDANT
WEATHERFORD INT'L, INC.**


/s/ Eric Adams
Eric Adams


## CERTIFICATE OF AUTHORIZATION TO FILE SEALED DOCUMENTS

Pursuant to E.D. Tex. Loc. Ct. R. CV-5(a), I hereby certify that a Motion for Leave to file Exhibit 5 under seal has been filed.


/s/ Eric Adams
Eric Adams