# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

DAVIS-LYNCH, INC.,

               Plaintiff,

   v.

HILCORP ENERGY COMPANY;
McRAE ENERGY CORP.;
McRAE EXPLORATION & PRODUCTION,
    INC.;
MERIT ENERGY COMPANY, LLC;
MILLENNIUM OFFSHORE GROUP, INC.;
NATIONAL ENERGY GROUP, INC.;
NEUMIN PRODUCTION COMPANY;
REEF EXPLORATION, L.P.;
RIDGELAKE ENERGY, INC.;
TUCKER ENERGY SERVICES USA, INC.;
WEATHERFORD U.S., L.P.;
WUS HOLDING, LLC;
WEATHERFORD INTERNATIONAL, INC.,
          Defendants.

CIVIL ACTION NO. 6:09-CV-168-LED

JURY TRIAL REQUESTED

## WEATHERFORD'S REPLY IN SUPPORT OF ITS
## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

# **TABLE OF CONTENTS**

A.      This Suit Should Be Dismissed Under The Rule Against Claim Splitting..........................2

      1.      Davis-Lynch Is Attempting To Litigate The "Same Transaction" In This Second Suit ...........................................................................................................2

      2.      Davis-Lynch Cannot Avoid The Rule Against Claim Splitting By Adding More Parties...........................................................................................................5

      3.      Davis-Lynch's "Without Prejudice" Arguments Distort Judge Love's Order ........6

B.      Davis-Lynch Cannot Dispute That This Suit Is A Collateral Attack On Judge Love's Orders.........................................................................................................7

C.      The First-To-File Rule Bars This Suit .................................................................8

D.      The Compulsory Counterclaim Rule Bars This Suit ...........................................9

E.      Conclusion ........................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Ameritox, Ltd. v. Aegis Sciences Corp.*,
   2009 WL 305874 (N.D. Tex. Feb. 9, 2009)..................................................................... 2

*Civix-DDI, LLC v. Expedia, Inc.*,
   2005 WL 1126906 (N.D. Ill. May 2, 2005) .................................................................... 2

*Cordis Corp. v. Boston Scientific Corp.*,
   561 F.3d 1319 (Fed. Cir. 2009).................................................................................... 4, 9

*Davis v. Dallas Area Rapid Transit*,
   383 F.3d 309 (5th Cir. 2004) ........................................................................................... 3

*Glenayre Electronics, Inc. v. Jackson*,
   443 F.3d 851 (Fed. Cir. 2006).......................................................................................... 5

*Glitsch, Inc. v. Koch Engineering Co. Inc.*,
   216 F.3d 1382 (Fed. Cir. 2003)........................................................................................ 7

*Kim v. Sara Lee Bakery Group, Inc.*,
   412 F.Supp.2d 929 (N.D. Ill., 2006) ....................................................................... 2, 4, 6, 9

*Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*,
   58 F.3d 616 (Fed. Cir. 1995)........................................................................................ 1, 6

*MGA, Inc. v. General Motors Corp.*,
   827 F.2d 729 (Fed. Cir. 1987)...................................................................................... 1, 5

*Orion IP, LLC v. Home Depot USA, Inc.*,
   No. 2:05-CV-306 (E.D. Tex. Oct. 7, 2005) ...................................................................... 2, 7

*Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.*,
   347 F.3d 935 (Fed. Cir. 2003).......................................................................................... 9

*Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*,
   452 F.Supp.2d 621 (D. Md. 2006) .................................................................................... 2

*Single Chip Sys. Corp. v. Intermec IP Corp.*,
   495 F.Supp.2d 1052 (S.D. Cal. 2007)......................................................................... 2, 4, 5

*Torres v. Rebarchak*,
   814 F.2d 1219 (7th Cir. 1987) .......................................................................................... 6

*West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*,
   751 F.2d 721 (5th Cir. 1985) ............................................................................................ 8

Weatherford's Motion to Dismiss (DE 21) showed that Davis-Lynch's complaint in this action (the "Current Action") should be dismissed in view of the identical infringement claims currently pending against Weatherford International, Inc. in Davis-Lynch's suit filed in December 2007, *Davis-Lynch, Inc. v. Weatherford International, Inc.*, No. 6:07-CV-559-JDL (E.D. Tex.) (the "Pending 2007 Action").  Davis-Lynch's opposition boils down essentially to three arguments:  (i) the products in this Current Action are different; (ii) the parties in this Current Action are different; and (iii) Judge Love, in determining "prejudice" in the Pending 2007 Action somehow suggested that Davis-Lynch would be permitted to bring this second suit. Each of those arguments either distorts the record or ignores the controlling case law.

- As for the "product" argument, Davis-Lynch overstates Weatherford's arguments concerning the differences between the products and ignores its own contentions that the various models are the same for infringement purposes.  More importantly, Davis-Lynch ignores both its complaint and Weatherford's counterclaim, which show that the products Davis-Lynch accuses of infringement here are within the scope of the Pending 2007 Action.  Under Fifth Circuit law, whether Davis-Lynch is attempting to litigate the "same transaction" is determined by the pleadings, not its infringement contentions.

- With respect to Davis-Lynch's "different parties" argument, Davis-Lynch fails even to address *MGA, Inc. v. General Motors Corp.*, 827 F.2d 729, 734 (Fed. Cir. 1987), cited in Weatherford's Motion to Dismiss, under which Davis-Lynch is precluded from pursuing its claims against Weatherford's customers in this second suit.  Likewise, Davis-Lynch fails to explain why it should be permitted to bring claims against the related Weatherford companies in a separate suit, contrary to *Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616 (Fed. Cir. 1995).

- As for Davis-Lynch's arguments concerning Judge Love's "prejudice" rulings, Davis-Lynch ignores that Judge Love expressly declined to decide whether Davis-Lynch could bring a second suit.  Thus, Judge Love's ruling did not "express" a determination that Davis-Lynch could bring a second action on the part of its claim Davis-Lynch omitted from the Pending 2007 Action.  Likewise, since Judge Love expressly declined to address whether Davis-Lynch could pursue this second suit, the possibility of a second suit cannot have been (and indeed was not) a factor in Judge Love's prejudice determinations, as Davis-Lynch wrongly argues.

Accordingly, for the reasons set out below, and in Weatherford's Motion, this suit should be dismissed on any one of multiple grounds.

**A.**      **This Suit Should Be Dismissed Under The Rule Against Claim Splitting**

As Weatherford's Motion showed, through this second suit, Davis-Lynch is attempting to split its cause of action so as to avoid the effect of Judge Love's decision in the Pending 2007 Action denying Davis-Lynch's belated request to supplement its infringement contentions to add more product models.  Many cases support dismissal of this suit in those circumstances.  *Orion IP, LLC v. Home Depot USA, Inc.*, No. 2:05-CV-306 (E.D. Tex. Oct. 7, 2005); *Civix-DDI, LLC v. Expedia, Inc.*, 2005 WL 1126906 (N.D. Ill. May 2, 2005); *Ameritox, Ltd. v. Aegis Sciences Corp.*, 2009 WL 305874 (N.D. Tex. Feb. 9, 2009); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F.Supp.2d 1052 (S.D. Cal. 2007); *Kim v. Sara Lee Bakery Group, Inc.*, 412 F.Supp.2d 929, 941 (N.D. Ill., 2006); *Sensormatic Sec. Corp. v. Sensormatic Elec. Corp.*, 452 F.Supp.2d 621 (D. Md. 2006).  Davis-Lynch's attempts to avoid dismissal both distort the record and ignore the controlling case law.

**1.**      **Davis-Lynch Is Attempting To Litigate The "Same Transaction" In This Second Suit**

Davis-Lynch first argues "claim splitting" does not apply because the model numbers accused of infringement in this case are not the same as the model numbers identified in Davis-Lynch's Patent Infringement Contentions ("PICs") in the Pending 2007 Action.  According to Davis-Lynch, the "same transaction" test is not met.

As an initial matter, Davis-Lynch greatly overstates Weatherford's arguments in the Pending 2007 Action concerning the differences between the various models.  Weatherford did **not**, contrary to Davis-Lynch's Opposition (p. 8), draw a "drastic distinction" between the products identified in the PICs and the other products as to which Judge Love denied Davis-Lynch's request to supplement.  In fact, in response to specific questioning from Judge Love as to whether the additional products operate differently in relation to the claimed invention,

Weatherford's counsel only stated that "[s]ome of them do.  Not all of them.  Some models operate essentially the same.  ***But they have some of the same components in each one of them*** [including, e.g., flapper valves and an inner tubular common to all the products]."  *See* Jan. 7, 2009 Hrg. Trans. in Civ. A. 6:07-CV-559, at 55-56 (emphasis added) (attached as Ex. 2 to Davis-Lynch's Opp., DE 30-3).

Davis-Lynch's arguments concerning the products at issue ignore its own prior assertions that "***[t]he infringing aspects of the various models are the same, as explained in Davis-Lynch's proposed supplemental PICs***."  *See* Motion for Leave to Supp. in Civ. A. 6:07-CV-559, DE 69 at 5 (emphasis added).  In any event, Judge Love's orders denying Davis-Lynch's request to supplement its PICs did not turn on whether there were differences in the products for the purpose of determining infringement.[1]  Instead, Judge Love denied Davis-Lynch's request to supplement because Weatherford produced technical drawings for all the products and "[b]ased on these document, Davis-Lynch could have identified which products to accuse."  Jan. 12, 2009 Order in Civ. A. 6:07-CV-559, DE 83 at 6 (Ex. A to Motion to Dismiss (DE 21-02).  Judge Love found that, given Davis-Lynch's lengthy delay in seeking to identify the additional products in its PICs, Davis-Lynch had failed to demonstrate good cause to amend its PICs.  *Id.* at 9.

Finally, Davis-Lynch commits legal error in arguing that whether the "same transaction" is involved in this case as in the Pending 2007 Action is determined by comparing the products at issue here with the models identified in its earlier PICs.  *See* Opp., DE 30 at 3.  Contrary to Davis-Lynch's arguments, whether the "same transaction" is involved here is measured by the ***pleadings***, not Davis-Lynch's narrower infringement contentions.  As stated in *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004),

---

[1]  *See* Jan. 12, 2009 Order in Civ. A. 6:07-CV-559, DE 83 at 8 (Ex. A to Motion to Dismiss, DE 21-02) (noting only that "[t]here is some dispute as to the extent to which the additional products differ from the three products currently accused.").

> The critical issue under the transactional test is whether the two actions are based on the 'same nucleus of operative facts.'  Thus, we must review the facts **contained in each complaint** to determine whether they are part of the same transaction or series of transactions, which arise from the same nucleus of operative facts.

(emphasis added; quoting *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999); *see also Single Chip Sys.*, 495 F.Supp.2d 1052, 1062 (S.D. Cal. 2007) (reviewing the pleadings to determine whether the new complaint was based on a different set of facts for claim splitting purposes); *Kim v. Sara Lee Bakery Group, Inc.*, 412 F.Supp.2d 929, 936, 939-40 (N.D. Ill. 2006) (analyzing the scope of the pleadings to determine whether the second action was duplicative of the first).

As Weatherford's Motion to Dismiss showed, a comparison of Davis-Lynch's complaints in this Action and the Pending 2007 Action shows that Davis-Lynch has brought duplicative claims of infringement of the same patent by the same accused technology.  *See* Motion to Dismiss, DE 21 at 13.  Davis-Lynch's Opposition ignores those complaint allegations. Nevertheless, those allegations are dispositive under the case law.  Davis-Lynch's suit here is based on the "same transaction" it pled in the Pending 2007 Action – alleged infringement of its '336 patent by Weatherford's Auto-Fill Float Collar products. Even if Davis-Lynch chose to narrow the actual scope of the relief it was seeking by delaying asserting infringement as to the additional models, the "claim" at issue in the Pending 2007 Action is defined by the pleadings. Once the Pending 2007 Action becomes final, Weatherford will be entitled to a dismissal **with prejudice** of that portion of Davis-Lynch's infringement claim it failed to prove.  *Cordis Corp. v. Boston Scientific Corp.*, 561 F.3d 1319, 1339 (Fed. Cir. 2009) (holding that defendant was entitled to dismissal **with prejudice** as to product models for which patent owner did not present evidence of infringement).  Davis-Lynch cannot avoid that result by splitting its claim into two suits.

4

**2.      Davis-Lynch Cannot Avoid The Rule Against Claim Splitting By
Adding More Parties**

The rule against claim splitting forecloses this suit, despite Davis-Lynch's attempt to
avoid that rule by adding other parties.  *See Single Chip Sys.*, 495 F.Supp.2d at 1063-64
(applying the claim splitting rule to dismiss a second suit even though the parties were different).
To the extent Davis-Lynch had claims against other Weatherford entities and customers that
arose out of the transaction it pled in the Pending 2007 Action, it should have raised those claims
in that earlier case.  The deadline for adding new parties in that action, however, has long passed.
*See* Scheduling Order in Civ. A. 6:07-CV-559, DE 30 (setting a deadline of February 15, 2008 to
join additional parties without seeking leave of court).

With respect to Weatherford's customers, Davis-Lynch's Opposition ignores
Weatherford's cited case law showing that a final judgment in the Pending 2007 Action will
preclude Davis-Lynch's claims of infringement against the customers.  *See* Motion to Dismiss,
DE 21 at 15, citing *MGA, Inc. v. General Motors Corp.*, 827 F.2d 729, 734 (Fed. Cir. 1987).
While Davis-Lynch now argues that it has a claim based on the customers' *use* of the products,
as opposed to Weatherford's manufacture and sale of the products (Opp., DE 30 at 4), the
controlling case law shows that even if Davis-Lynch prevails in the Pending 2007 Action, it
cannot pursue a separate "use" claim against Weatherford's customers.  *Glenayre Electronics,
Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) ("[A] party is precluded from suing to collect
damages for direct infringement by a buyer and user of a product when actual damages covering
that very use have already been collected from the maker and seller of the product.").[2]

---

[2]  Davis-Lynch argues that Weatherford has no standing to argue its motion applies to its customers.  Opp., DE 30 at
3-4.  While Weatherford's counsel may not be representing the customers, if this suit is allowed to go forward,
Weatherford will be forced to defend duplicative suits – first the Pending 2007 Action on behalf of itself and then
this suit on behalf of its customers.  Therefore, Weatherford is seeking dismissal of this entire suit, including the
claims against Weatherford's customers.

Finally, while Davis-Lynch argues Weatherford has not shown "privity" between the related Weatherford companies, Davis-Lynch ignores that its infringement allegations against each of the three Weatherford entities is based on the same "making, using, offering for sale, and/or selling" the same "mid-bore and large bore auto-fill float equipment."  That "transaction" is being litigated in the Pending 2007 Action, and Davis-Lynch may not re-litigate it here.  *See Mars Inc. v. Nippon Conlux Kabushiki-Kaisha*, 58 F.3d 616, 620 (Fed. Cir. 1995) ("[E]very act underlying Mars' cause of action in this suit is intimately intertwined with events that were litigated in [the first suit].").[3]

### 3.    Davis-Lynch's "Without Prejudice" Arguments Distort Judge Love's Order

Finally, Davis-Lynch tries to overcome the rule against claim splitting by arguing an "exception" applies because Judge Love's order supposedly recognized a second suit by Davis-Lynch on the additional products was a "possibility."  *See* Opp., DE 30 at 6-7.  Davis-Lynch's arguments distort Judge Love's rulings.  First, contrary to Davis-Lynch's arguments, the "exception" does not apply because Judge Love ***did not*** make a "determination" that his ruling is "'without prejudice' (or words to that effect) to a second action on the omitted part of the claim." *See id.* at 6 (citing *Torres v. Rebarchak*, 814 F.2d 1219, 1225 (7th Cir. 1987)).  In fact, Judge Love expressly declined to determine whether a second action would be allowed to go forward. Jan. 12, 2009 Order in Civ. A. 6:07-CV-559, DE 83 at 8 n.4 (Ex. to Motion to Dismiss, DE 21-02).  The rule against claim splitting therefore applies.[4]

---

[3]  Davis-Lynch's efforts to distinguish Weatherford's case law (Opp., DE 30 at 5) are unavailing.  While *Mars* involved a final judgment and claim preclusion, claim splitting does not require a final judgment.  *See* Motion to Dismiss, DE 21 at 13 n.5 and cited cases.  Therefore, the rationale of *Mars* still applies absent a final judgment in the claim splitting context.  Likewise, *Orion* did in fact involve products (*i.e.*, websites) that the plaintiff had attempted to add to the first suit, and if the websites were not different, there would have been no issue as to whether Orion would be permitted to add them to its infringement contentions.

[4]  *Kim*, 412 F.Supp.2d at 942 n.9 ("Dr. Kim (clearly aware of the risk of a claim splitting bar) specifically asked Magistrate Judge Mason to 'state that such ruling will not in any way affect Dr. Kim's ability to file a new

Likewise, contrary to Davis-Lynch's arguments, Judge Love's rulings regarding "prejudice" had nothing to do with whether Davis-Lynch would be allowed to bring a second suit on the omitted products. Judge Love did not decide that prejudice to Davis-Lynch "would not be significant." Opp., DE 30 at 6. Instead, Judge Love weighed the prejudice to Davis-Lynch against Davis-Lynch's delay: "the prejudice is not so great *as to weigh significantly against Davis-Lynch's lack of diligence*." Jan. 12, 2009 Order in Civ. A. 6:07-CV-559, DE 83 at 3-4 (emphasis added). Because (as discussed above) Judge Love expressly declined to decide whether a second suit by Davis-Lynch on the additional models would be allowed to go forward, the possibility of a second suit could not have been a factor in Judge Love's "prejudice" analysis. The "exception" does not apply, and the rule against claim splitting bars this suit.

**B.      Davis-Lynch Cannot Dispute That This Suit Is A Collateral Attack On Judge Love's Orders**

The "collateral attack" rule of *Glitsch, Inc. v. Koch Engineering Co. Inc.*, 216 F.3d 1382 (Fed. Cir. 2003) and *Orion,* No. 2:05-CV-306 (E.D. Tex. Oct. 7, 2005), applies to this case. If Davis-Lynch does not like Judge Love's orders denying Davis-Lynch's request to supplement its PICs to add other models, its "recourse is to seek relief on appeal; it is not appropriate for [Davis-Lynch] to contest the court's order by filing a new action . . . challenging the court's ruling in the first case." *Glitsch*, 216 F.3d at 1384. Davis-Lynch's argument that the collateral attack rule does not apply because "the claims against Weatherford Int'l, Inc. show that they involve different models from the 2007 Litigation" (Opp., DE 30 at 7) is meritless. As fully explained in Weatherford's Motion to Dismiss, the fifty specific models identified in Davis-Lynch's current complaint as to Weatherford International are the same models Davis-Lynch attempted to add to its PICs in the Pending 2007 Action. *Compare* Original Complaint, Civ. A.

Complaint specifically directed to the Sara Lee products currently at issue' . . . Magistrate Judge Mason's order contains no such reservation . . . As a result, the exception is inapplicable.").

6:09-CV-168, DE 1 at ¶ 82 *with* Davis-Lynch's Proposed Supplemental PICs at 2 (Ex. M to Motion to Dismiss, DE 21-14).  Davis-Lynch's complaint seeks to avoid the effect of Judge Love's ruling denying Davis-Lynch's request to add those products to its PICs, but the "collateral attack" rule prohibits that challenge here.

Likewise, that Davis-Lynch can trump up additional infringement claims against related Weatherford companies and Weatherford customers cannot avoid the collateral attack rule.  As explained above, the Pending 2007 Action will be preclusive of the claims against those parties in this suit.  There is no reason Davis-Lynch could not have timely sought leave to add those parties in the earlier action.  That Davis-Lynch waited until after Judge Love denied its request to supplement its PICs to bring its allegations against the other entities demonstrates that this suit is simply a collateral attack designed to avoid the effects of Judge Love's orders.

**C.      The First-To-File Rule Bars This Suit**

Weatherford's Motion to Dismiss showed that Davis-Lynch's claims in this action are duplicative of the claims it pled in the Pending 2007 Action.  Therefore, under the first-to-file rule, this case should be dismissed in favor of that earlier action.  Davis-Lynch attempts to avoid that rule by arguing that the rule "usually applies" when opposing parties have filed separate lawsuits and that since Davis-Lynch filed both suits there was no "race to the courthouse." Regardless of the "usual" circumstances when the first-to-file applies, Davis-Lynch cannot avoid the fact that the infringement claim it asserts here is duplicative of the infringement claim pled in the Pending 2007 Action.  Contrary to Davis-Lynch's suggestion that this Court may not rule on Weatherford's motion (Opp., DE 30 at 9), the Fifth Circuit's rule is that "a district court may dismiss an action where the issues presented can be resolved in an ***earlier-filed action*** pending in another district court."  *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24*, 751 F.2d 721, 729 (5th Cir. 1985) (emphasis added).  Accordingly, this Court may properly dismiss this suit.

**D.      The Compulsory Counterclaim Rule Bars This Suit**

As Weatherford's Motion to Dismiss showed, Weatherford sought a declaratory judgment of noninfringement in the Pending 2007 Action as to its "Auto-Fill Float Collars" generally.  Under *Polymer Industrial Products Co. v. Bridgestone/Firestone, Inc.*, 347 F.3d 935, 938 (Fed. Cir. 2003), Davis-Lynch was required to bring any infringement claims it had against the "Auto-Fill Float Collars" as a counterclaim to that declaratory judgment claim – not in a separate suit.  *Kim*, 412 F.Supp.2d 929, shows how the rule ought to be applied in this case.  The patent owner in *Kim* alleged infringement only as to three specific Sara Lee products, but Sara Lee's counterclaim for a declaratory judgment of noninfringement was not limited to specific products.  When the patent owner later sought to amend her discovery responses to add infringement allegations as to 450 additional products, the district court barred that evidence. *Kim*, 412 F.Supp.2d at 932-33.  In response, the patent owner filed a second suit.  *Id.* at 934.  The court determined that because Sara Lee had broadly pled its claim for a declaratory judgment of noninfringement, under *Polymer*, the infringement claims as to the additional products were compulsory counterclaims to the declaratory judgment claim, and the second suit should be dismissed.  *Id.* at 936-37.  This Court should reach the same conclusion.

Davis-Lynch's Opposition ignores the broad scope of the declaratory judgment claim and instead focuses only on a recent Weatherford interrogatory response directed to specific models. Davis-Lynch's reliance on that interrogatory response is misplaced.  By the time of the response, Judge Love had already issued his orders denying Davis-Lynch's request to supplement to add the other models.  As a result, the only infringement issues remaining in the case involved the specifically-identified products.  As to all the rest of the "Auto-Fill Float Collars" within the scope of Weatherford's claim for a declaratory judgment of noninfringement, Weatherford will be entitled to a dismissal of Davis-Lynch's infringement claims *with prejudice*.  *Cordis*, 561 F.3d

at 1339.   Accordingly, an interrogatory response directed to technical noninfringement issues regarding those other products is unnecessary.

Finally, Davis-Lynch again relies on the presence of additional defendants in this suit to avoid the compulsory counterclaim rule.   As explained above, that related Weatherford companies and Weatherford customers are also defendants does not avoid the fact that the infringement claims Davis-Lynch has raised in this suit are part of the "same transaction" as the claims pled in the Pending 2007 Action in Davis-Lynch's complaint and Weatherford's counterclaim, and Davis-Lynch never timely sought to add the related Weatherford companies and Weatherford customers to that earlier suit.

**E.      Conclusion**

For these reasons and the reasons set out in Weatherford's Motion to Dismiss, Weatherford requests that Davis-Lynch's complaint in this action be dismissed.


Dated:  June 12, 2009                              Respectfully submitted,


/s/ J. Dean Lechtenberger
J. Dean Lechtenberger, Lead Attorney
  Texas Bar No. 12100720
  lechtenbergerd@howrey.com
Henry A. Petri, Jr.
  Texas Bar No. 15850600
  petrih@howrey.com
HOWREY LLP
1111 Louisiana, 25th Floor
Houston, Texas  77002-5242
Telephone: (713) 787-1400
Facsimile: (713) 787-1440

**ATTORNEYS FOR DEFENDANTS,
WEATHERFORD INTERNATIONAL, INC.;
WEATHERFORD U.S., L.P.; and
WUS HOLDING, LLC**

<u>Local Counsel</u>:
S. Calvin Capshaw
  ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
  ederieux@capshawlaw.com
CAPSHAW DERIEUX, LLP
Energy Centre
1127 Judson Rd., Suite 220
P.O. Box 3999 (75606-3999)
Longview, Texas 75601-5157
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

**ATTORNEYS FOR DEFENDANTS,
WEATHERFORD INTERNATIONAL, INC.;
WEATHERFORD U.S., L.P.; and
WUS HOLDING, LLC**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served this 12th day of June, 2009, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.


  /s/ J. Dean Lechtenberger